Filed 9/19/25  In re A.G. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | |
| MODOC COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.H. et al.,<br><br>Defendants and Appellants. | C102887<br><br>(Super. Ct. No. JP24013) |

Both parents of the minor A.G. appeal from the juvenile court's December 30, 2024, orders terminating their parental rights and freeing the minor for adoption.  (Welf & Inst. Code,[1] § 366.26.)  They argue the Modoc County Department of Social Services (the Department) failed to conduct an adequate inquiry into the minor's possible Native American heritage under the Indian Child Welfare Act (ICWA).  (25 U.S.C. § 1901 et seq.; § 224.2.)  The Department acknowledges the record fails to confirm whether the Department completed the required inquiry.  We will conditionally reverse for further ICWA compliance.

---

[1]     Undesignated section references are to the Welfare and Institutions Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation of the background to information necessary for the disposition of the issue on appeal. In May 2024, the Department filed petitions alleging the newborn minor came within the provisions of section 300, subdivision (b)(1), failure to protect. The petition noted the social worker asked mother whether the minor has Native American heritage, and mother gave no reason to believe the minor is or might be an Indian child.

The May 2024 detention report stated that ICWA does not apply. Although the social worker spoke with maternal grandparents and an aunt about fostering the minor, the report does not indicate that she asked about Native American ancestry.[2] The report reflects that the Department planned to ask both parents to provide a family tree and any known contact information, but there is no family tree included in the record.

During the May 2024 detention hearing, father denied that he had any Native American heritage. The juvenile court encouraged both parents to report any additional information that would suggest Native American ancestry and found there was no reason to believe the child is an Indian child.

The June 2024 jurisdiction report and July 2024 disposition report stated that ICWA does not apply.

During the August 2024 disposition hearing, the juvenile court found there was no reason to know that the minor is an Indian child.

---

[2] The report states that the maternal grandparents and an aunt had adopted the minor's other siblings. The Department does not contend that any ICWA inquiries made on behalf of those siblings might satisfy the ICWA requirements for the minor at issue here, and we accept the Department's apparent concession.

In October 2024, each parent filed a Parent Notification of Indian Status form, an ICWA-020, stating that neither the parent nor the minor was an enrolled member or eligible for membership in a federally recognized Indian tribe.

The December 2024 section 366.26 report stated that ICWA does not apply.

In December 2024, the juvenile court terminated parental rights as to both mother and father, and freed the minor for adoption. The court did not make further findings regarding ICWA. The parents timely appealed.

## DISCUSSION

ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA; [citation]), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*); § 224.2, subd. (a).)

Section 224.2 creates three distinct duties regarding ICWA in dependency proceedings. The first is relevant here. "First, from the [Department]'s initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b)(2).) "Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers-or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); [Welf. & Inst. Code,] § 224.1, subd. (c).)" (*In re K.H.* (2022) 84 Cal.App.5th 566, 597.)

3

A juvenile court's finding that ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2); *Dezi C., supra*, 16 Cal.5th at p. 1134.) The court's "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C.,* at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the [Department]'s inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

In this case, father and mother contend the Department failed to conduct an adequate inquiry into whether the minor has Native American heritage, and the Department acknowledges that the record does not indicate it conducted an adequate inquiry of the extended family members. Although the Department asked mother and father about Native American ancestry, it never inquired of or asked any extended family members, despite being in touch with at least maternal grandparents and an aunt. An initial inquiry may not be inadequate "in all cases in which every possible extended family member has not been asked about the child's Indian ancestry." (*Dezi C., supra*, 16 Cal.5th at p. 1140.) But " '[t]he operative concept is those people who are reasonably available to help the [Department] with its investigation into whether the child has any potential Indian ancestry should be asked.' " (*Ibid*.)

In light of the Department's non-opposition, we will conditionally reverse and remand the case to the juvenile court for further proceedings. (See *Dezi C., supra*, 16 Cal.5th at p. 1152 [a judgment must be conditionally reversed when "error results in an inadequate Cal-ICWA inquiry"].) The Department is to make additional inquiry and documentation efforts consistent with its duties, and the juvenile court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, ICWA applies. (*Dezi C.,* at p. 1137.) If the juvenile court determines that

4

the inquiry is "proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is cured," and the judgment shall be reinstated. (*Dezi C.* at pp. 1137-1138.) In contrast, if the inquiry reveals a reason to know that the minor is an Indian child, the tribe has been notified, and the tribe determines that the minor is a member or citizen, or eligible for membership or citizenship, of an Indian tribe, ICWA applies, and the juvenile court must proceed in accordance with ICWA. (*Dezi C.* at p. 1138.)

## DISPOSITION

The orders terminating parental rights for mother and father are conditionally reversed, and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of ICWA. If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and concludes that ICWA does not apply, the orders shall be reinstated. If, however, the juvenile court concludes that ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA and California implementing provisions.

_____\s\_____,
Krause, Acting P. J.

We concur:

_____\s\_____,
Mesiwala, J.

_____\s\_____,
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.